## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Victor Avila<br>11213 Jackson Ave.<br>Lynwood, CA 90262<br><br>          Plaintiff,<br>     v.<br><br>National Labor Relations Board<br>1015 Half Street SE<br>Washington, D.C. 20570<br><br>          Defendant. | Civil Action No. _____<br><br>COMPLAINT FOR<br>DECLARATORY RELIEF |

## INTRODUCTION

1. The Supreme Court made clear in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020) and *Collins v. Yellen*, 141 S. Ct. 1761 (2021) that under Article II of the Constitution, the President must be able to remove federal officials who exercise substantial executive power. S*ee also Free Enterprise Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477 (2010).

2. The structure of the National Labor Relations Board ("NLRB" or "Board") does not comply with this constitutional mandate.

3. Article II, Section 1 of the Constitution vests in the President all executive power, which includes the power to appoint, supervise, and remove federal officers who exercise executive power.

4. The five-member NLRB exercises substantial executive power because it issues binding rules, adjudicates unfair labor practices and representation disputes, issues subpoenas, and seeks preliminary injunctions in federal court to halt unfair

labor practices.

5. The National Labor Relations Act ("NLRA" or "Act") limits the President's ability to remove Board members to "neglect of duty or malfeasance in office" and prohibits removal for any other reason. 29 U.S.C. § 153. These restrictions are impermissible limitations on the President's ability to remove Board members and violate the Constitution's separation of powers. Thus, the Board's structure is unconstitutional.

6. On August 22, 2023, Plaintiff Victor Avila filed an unfair labor practice charge with NLRB Region 21 alleging Teamsters Local 848 committed various unfair labor practices against him. Avila filed amended charges on October 16 and November 27, 2023. (Ex. A).

7. On February 9, 2024, NLRB Regional Director William Cowen issued a Complaint and Notice of Hearing alleging Teamsters Local 848 violated the Act when one of its agents threatened Avila for engaging in protected activity. (Ex. B). On June 11, 2024, a hearing on this complaint began before an administrative law judge. Avila is entitled to have a constitutionally structured Board, properly accountable to the President, adjudicate his case and rule on his unfair labor practice charge. Avila asks this Court to declare that the Board's structure violates Article II of the Constitution.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this case under Article III of the United States Constitution and 28 U.S.C. § 1331 because Plaintiff's claims arise under the Constitution. *See Axon Enter., Inc. v. FTC*, 143 S. Ct. 890, 903–06 (2023) (holding

alternative review scheme does not divest a district court of jurisdiction over a constitutional challenge to an agency's structure); *Free Enterprise Fund*, 561 U.S. at 491 n.2; *Seila Law*, 140 S. Ct. at 2196.

9. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) because the five-member Board is headquartered in this district and a substantial part of the events or omissions giving rise to the claim are occurring in this district.

## PARTIES

10. Plaintiff Victor Avila is employed by Savage Services Corporation in Wilmington, California and is the Charging Party in *Teamsters Local 848 (Savage Services Corporation),* NLRB Case No. 21-CB-324340.

11. Defendant National Labor Relations Board ("NLRB" or "Board") is an agency of the United States.

## FACTS

12. Avila is an employee at Savage Services Corporation in Wilmington, California.

13. On August 22, 2023, Avila filed an unfair labor practice charge with NLRB Region 21 alleging Teamsters Local 848 committed various unfair labor practices against him. Avila filed his first amended charge on October 16, and his second amended charge on November 27, 2023. (Ex. A).

14. On February 9, 2024, NLRB Regional Director William Cowen issued a Complaint and Notice of Hearing alleging Teamsters Local 848 violated the Act when one of its agents threatened Avila for engaging in protected activity. (Ex. B). The

Region set a notice of hearing to begin on June 11, 2024.

15. On June 11, 2024, Administrative Law Judge Jeffrey D. Wedekind opened the hearing in *Teamsters Local 848 (Savage Services Corporation),* NLRB Case No. 21-CB-324340 in Los Angeles, California.

## LEGAL BACKGROUND

### I. The Removal Power

16. Article II gives the President "the general administrative control of those executing the laws," which includes the "power of removing those for whom he cannot continue to be responsible." *Myers v. United States*, 272 U.S. 52, 117, 164 (1926).

17. The Supreme Court recognizes this removal power is impermissibly restrained by statutes that limit the President's ability to remove an executive official, either by restricting who can remove, or limiting the rationale for removal. *See Free Enterprise Fund*, 561 U.S. at 495; *Seila Law*, 140 S. Ct. at 2192; *Collins*, 141 S. Ct. at 1783–84.

18. For example, in *Free Enterprise Fund*, the Court invalidated a for-cause removal restriction that Congress placed on the members of the Public Company Accounting Oversight Board. 561 U.S. at 495–96. Those officers could be removed only for cause by officers of the Securities and Exchange Commission, who in turn could be removed only for cause by the President. The Court held that this removal restriction "subvert[ed] the President's ability to ensure that the laws are faithfully executed" and was thus "incompatible with the Constitution's separation of powers." *Id.* at 498.

19. The Supreme Court found a narrow exception to this general and plenary removal power in *Humphrey's Executor v. United States*, 295 U.S. 602 (1935). In that case, the Court upheld a statute that prohibited the removal of Federal Trade Commission Commissioners except for "inefficiency, neglect of duty, or malfeasance in office," *id.* at 619–20 (quoting 15 U.S.C. § 41) because, at that time, Federal Trade Commission Commissioners exercised only quasi-legislative and quasi-judicial authority, and did not exercise any "executive power in the constitutional sense." *Id.* at 628.

20. In *Seila Law*, the Court reaffirmed the fundamental separation of powers principle that the President must be free to remove executive officers at will, with only "two exceptions—one for multimember expert agencies that do not wield substantial executive power, and one for inferior officers with limited duties and no policymaking or administrative authority." *Seila Law*, 140 S. Ct. at 2199–2200.

## II.   The National Labor Relations Board

21. The NLRB is a federal regulatory agency whose authority has been delegated by Congress through the NLRA.

22. The NLRB consists of a maximum of five Board members ("Board Members") who are appointed to staggered, five-year terms by the President, with the advice and consent of the Senate. 29 U.S.C. § 153. Under NLRA Section 3, Board Members are removable by the President only "upon notice and hearing" for "neglect of duty or malfeasance in office, but no other cause." 29 U.S.C. § 153.

23. The Board exercises substantial executive authority though its

5

prosecutorial, rulemaking, policymaking, and adjudicatory authority.

24. The Board has the executive power to appoint the "executive secretary, and such attorneys, examiners, and regional directors, and other such employees as it may . . . find necessary for the proper performance of its duties." 29 U.S.C. § 154; *see also* U.S. Const. art. II. § 2, cl. 2 ("Congress may by Law vest the Appointment of such inferior Officers, as they think proper, . . . in the Heads of Departments."). Through this authority, the Board appoints Regional Directors, who oversee the NLRB's twenty-six regional offices.

25. The Board has the executive power to "prevent any person from engaging in any unfair labor practice . . . affecting commerce," which entails authority to conduct administrative adjudications and extract consequential remedies from employers and unions. 29 U.S.C. § 160.

26. The Board has the executive power to issue subpoenas. 29 U.S.C. § 156; 29 CFR § 102.31.

27. The Board has the executive power to engage in rulemaking. 29 U.S.C. § 156.

28. The Board has the executive power to conduct union representation elections and adjudicate representation election disputes. 29 U.S.C. § 159.

**A. The Board's Unfair Labor Practice Powers**

29. Section 7 of the NLRA grants employees the "right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing . . . and to engage in other concerted activities

prosecutorial, rulemaking, policymaking, and adjudicatory authority.

24. The Board has the executive power to appoint the "executive secretary, and such attorneys, examiners, and regional directors, and other such employees as it may . . . find necessary for the proper performance of its duties." 29 U.S.C. § 154; *see also* U.S. Const. art. II. § 2, cl. 2 ("Congress may by Law vest the Appointment of such inferior Officers, as they think proper, . . . in the Heads of Departments."). Through this authority, the Board appoints Regional Directors, who oversee the NLRB's twenty-six regional offices.

25. The Board has the executive power to "prevent any person from engaging in any unfair labor practice . . . affecting commerce," which entails authority to conduct administrative adjudications and extract consequential remedies from employers and unions. 29 U.S.C. § 160.

26. The Board has the executive power to issue subpoenas. 29 U.S.C. § 156; 29 CFR § 102.31.

27. The Board has the executive power to engage in rulemaking. 29 U.S.C. § 156.

28. The Board has the executive power to conduct union representation elections and adjudicate representation election disputes. 29 U.S.C. § 159.

**A. The Board's Unfair Labor Practice Powers**

29. Section 7 of the NLRA grants employees the "right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing . . . and to engage in other concerted activities

for the purpose of . . . mutual aid or protection, and shall also have the right to refrain from any or all such activities." 29 U.S.C. § 157.

30. To protect these rights, Congress declared it an "unfair labor practice" for an employer to "interfere with, restrain, or coerce" employees' Section 7 rights. 29 U.S.C. § 158(a)(1). Similarly, Congress declared it an "unfair labor practice" for a labor organization to "restrain or coerce" employees' Section 7 rights. 29 U.S.C. § 158(b)(1)(A).

31. Section 8 of the NLRA prohibits a number of employer unfair labor practices.  These include: dominating or interfering with the formation of a labor union or contributing financial support to a labor union, 29 U.S.C. § 158(a)(2); discriminating in "hire or tenure of employment" either "to encourage or discourage membership in any labor organization," 29 U.S.C. § 158(a)(3); discharging or discriminating against an employee because he has filed charges or given testimony to the NLRB, 29 U.S.C. § 158(a)(4); and refusing to bargain with a union, 29 U.S.C. § 158(a)(5).

32. Section 8 also prohibits union unfair labor practices, including, but not limited to: causing or attempting to cause an employee to be discriminated against for reasons other than failing to pay dues required as a condition of employment, 29 U.S.C. § 158(b)(2); to refuse to bargain with an employer, 29 U.S.C. § 158(b)(3); to engage in a secondary boycott, 29 U.S.C. § 158(b)(4); and to engage in recognitional picketing, 29 U.S.C. § 158(b)(7).

33. Congress has empowered the Board to "prevent any person from engaging

in any unfair labor practice." 29 U.S.C. § 160(a).

34. The Board does not have independent authority to initiate an unfair labor practice charge. Instead, a charge must be filed by any member of the public, although charges are generally filed by an aggrieved employee, employer, or labor organization. 29 U.S.C. § 160(b). The charge must be investigated and prosecuted by the Board's General Counsel, through the Board-appointed Regional Directors.

35. The General Counsel is appointed by the President and with the advice and consent of the Senate, for a term of four years. 29 U.S.C. § 153(d). The General Counsel has "final authority, on behalf of the Board" regarding the investigation of charges and the issuance of complaints. *Id.*

36. Once a charge is filed, it is investigated by the General Counsel, through the Board-appointed Regional Directors. If the General Counsel finds merit to the charge, she will issue a complaint or try to arrange a settlement. The General Counsel will dismiss meritless charges.

37. A complaint issued by the General Counsel states the alleged facts and violations of law and sets a date of hearing.

38. The complaint is assigned to an administrative law judge to hold hearings, take witness testimony and make findings as to whether an unfair labor practice occurred. 29 U.S.C. § 160(c).

39. After a hearing opens, the General Counsel loses her final authority to unilaterally dismiss or settle a complaint. *Robinson Freight Lines*, 117 NLRB 1483, 1485 (1957) ("the Board alone is vested with lawful discretion to determine whether

a proceeding, when once instituted, may be abandoned."); *NLRB v. UFCW Local 23*, 484 U.S. 112, 121 (1987) ("Once the hearing on the complaint begins, the Board's regulations do not permit the General Counsel to enter into an unreviewable settlement agreement").

40. During the hearing, the Board may supervise an ALJ's actions in conducting the hearing, including hearing appeals by special permission.

41. After a hearing closes, the administrative law judge will then issue a recommended order for the Board. *Id.*

42. If the administrative law judge finds that an unfair labor practice has occurred he will issue "findings of fact" and a recommended "order requiring such person to cease and desist from such unfair labor practice." 29 U.S.C. § 160(c).

43. If the parties do not contest the administrative law judge's order, it becomes a final order of the Board. If the parties contest the order, they do so by filing exceptions to the order with the Board.

44. The Board's final order can contain more than a cease-and-desist order. It can require parties to take affirmative action to rectify unfair labor practices, "including reinstatement of employees with or without back pay." 29 U.S.C. § 160(c).

45. The Supreme Court has held that the Board's authority to issue a remedy is "a broad discretionary one." *NLRB v. J.H. Rutter-Rex Manufacturing*, 396 U.S. 258, 262–63 (1969) (citation omitted). As part of its discretion to issue "make whole" remedies, the Board has ruled that it may order compensation not only for back pay, but for "any other direct or foreseeable pecuniary harms suffered." *Thryv, Inc.*, 372

NLRB No. 22, slip op. at *14 (Dec. 13, 2022). These remedies include payments for "medical bills" "interest and late fees on credit cards," "increased transportation or childcare costs," *id.* slip op. at *8–9; and expenses for a failure to bargain, including lost wages to employees who attended bargaining sessions, *Noah's Ark Processors*, 372 NLRB No. 80, slip op. at *3 (Apr. 20, 2023). The Board may also order a respondent to post or mail a notice or explanation of rights. An agent of the respondent may be required to either read the notice or explanation at a meeting of employees, or have it read by a Board agent in their presence. *Conair Corp. v. NLRB*, 721, F.2d 1355, 1386–87 (D.C. Cir. 1983).

46. The Board also has the power, any time after the issuance of a complaint, to seek temporary federal court injunctions to restrain alleged unfair labor practice activity. 29 U.S.C. § 160(j).

## STANDING

47. The "structural principles secured by the separation of powers protect the individual," *Bond v. United States*, 564 U.S. 211, 222 (2011), and are "critical to preserving liberty," *Free Enterprise Fund*, 561 U.S. at 501; *see Collins*, 141 S. Ct. at 1780. Accordingly, the Supreme Court "ha[s] long permitted private parties aggrieved by an official's exercise of executive power to challenge the official's authority to wield that power while insulated from removal by the President." *Seila Law*, 140 S. Ct. at 2196; *see Collins v. Yellen*, 141 S. Ct. 1761, 1780 (2021) (holding "whenever a separation-of-powers violation occurs, any aggrieved party with standing may file a constitutional challenge.").

48. Structural separation-of-powers violations inflict here-and-now injuries. *Axon*, 143 S. Ct. at 903; *Seila Law*, 140 S. Ct. at 2196 (holding that parties alleging injury resulting from appearing before an unconstitutionally structured agency have standing to challenge removal restrictions because "when such a provision violates the separation of powers it inflicts a 'here-and-now' injury . . . that can be remedied by a court") (quoting *Bowsher v. Synar*, 478 U.S. 714, 727 n.5 (1986)).

49. Separation of powers injuries can be remedied by a court through "declaratory relief sufficient to ensure that the . . . requirements and . . . standards to which they are subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513; *see also Seila Law*, 140 S. Ct. at 2196; *Collins*, 141 S. Ct. at 1779; *see also Collins v. Mnuchin*, 938 F.3d 553 (5th Cir. 2019) (en banc) (approving of "prospective relief" in the form of a "declaration" that a removal restriction is unconstitutional).

50. The Board's unconstitutional structure has inflicted and continues to inflict injury on Avila, a litigant in an on-going Board adjudication. Avila has a constitutional right to have his case adjudicated and decided by a constitutionally structured agency.

51. Furthermore, if Board Members rule on any aspect of Avila's unfair labor practice charge, the constitutional harm of appearing before an unconstitutionally structured agency will be irremediable because "that injury is impossible to remedy once the proceeding is over." *Axon*, 143 S. Ct. at 903. The Supreme Court has stated those subject to an unconstitutional proceeding by improperly insulated government

officials often have no right to void those decisions after the fact. *Collins*, 141 S. Ct. at 1787–89.

52. Avila does not seek to void any past decision of the Board. Rather he only seeks a declaration *before* the Board rules or otherwise acts on his unfair labor practice case. Avila is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [he is] subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enterprise Fund*, 561 U.S. at 513.

53. Without such relief, Avila is being required to adjudicate his case before an unconstitutionally structured agency that is insufficiently accountable to the President. Avila's injuries are traceable to the Board's structure because he is forced to appear before the Board to seek relief in his unfair labor practice charge.

## CLAIM FOR RELIEF

54. Avila realleges and incorporates by reference the paragraphs set forth above.

55. Article II of the Constitution provides that "[t]he executive Power shall be vested in [the] President," U.S. Const. art. II, § 1, cl. 1, and that he shall "take Care that the Laws be faithfully executed," *id.* art. II § 3. "In our constitutional system, the executive power belongs to the President and that power generally includes the ability to supervise and remove the agents who wield executive power in his stead." *Seila Law*, 140 S. Ct. at 2211.

56. This removal power cannot be restricted by Congress, except in two narrow

instances: (1) multimember agencies that do not wield executive power; and (2) certain inferior officers. *Seila Law*, 140 S. Ct. at 2199–2200.

57. The Board and its Members do not fall under either of the two exceptions to the President's removal power.

58. Board Members are principal officers wielding substantial executive power. This includes the power to promulgate binding rules, to enforce the law through adjudicating unfair labor practice disputes and issuing remedies, to issue subpoenas, and to enforce the law through adjudicating representation proceedings.

59. *Humphrey's Executor* does not compel a different result, because the narrow exception for quasi-legislative agencies that do not wield substantial executive power does not apply to the NLRB, given the substantial executive authority it exercises. Should *Humphrey's Executor* apply, it must be overruled.

60. NLRA Section 3 violates the separation of powers because it limits the President's ability to remove Board Members to instances of "neglect of duty or malfeasance in office, but for no other cause." 29 U.S.C. § 153.

61. By adjudicating Avila's unfair labor practice case notwithstanding its unconstitutional structure, the Board is violating his constitutional right to have his unfair labor practice claim adjudicated by politically accountable officials. Avila has been, and will continue to be, injured by having to appear before, and have his unfair labor practice case considered by, a politically unaccountable Board.

13

**DEMAND FOR JUDGMENT**

Plaintiff request that this Court:

A. Declare the removal restrictions for Board Members contained in 29 U.S.C. § 153 violate Article II of the Constitution.

B. Issue an order striking the removal restrictions in 29 U.S.C. § 153.

C. Issue an award of all costs and attorney's fees pursuant to any applicable statute or authority.

D. Any other relief this Court deems just and proper.

DATED: June 11, 2024

        Respectfully submitted,

        /s/ Glenn M. Taubman

        Glenn M. Taubman
        D.C. Bar No. 384079
        Bernard Zamaninia
        D.C. Bar No. 90005775
        Aaron Solem (*pro hac forthcoming*)
        MN Bar No. 0392920
        c/o National Right to Work
        Legal Defense Foundation, Inc.
        8001 Braddock Road, Suite 600
        Springfield, VA  22160
        (703) 321-8510 (phone)
        (703) 321-9319 (fax)
        gmt@nrtw.org
        bz@nrtw.org
        abs@nrtw.org

        *Attorneys for Plaintiff Victor Avila*