UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| VICTOR AVILA, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 24-1688 (RC) |
| | : | | |
| v. | : | Re Document No.: | 14 |
| | : | | |
| NATIONAL LABOR RELATIONS BOARD, | : | | |
| | : | | |
| Defendant. | : | | |

### MEMORANDUM OPINION

DENYING DEFENDANT'S MOTION TO CONSOLIDATE

### I. INTRODUCTION

Defendant National Labor Relations Board (the "NLRB" or "Defendant") moves under Federal Rule of Civil Procedure 42(a) to consolidate this case (the "*Avila* action") with *VHS Acquisition Subsidiary Number 7, Inc. d/b/a Saint Vincent Hospital v. NLRB*, No. 24-cv-02577 ("*Saint Vincent*" or the "*Saint Vincent* action") (D.D.C. filed Sept. 9, 2024). Def.'s Mot. to Consolidate Cases ("Def.'s Mot."), ECF No. 14. Because there are no overlapping legal or factual issues between the two cases, the NLRB's motion for consolidation is denied.

### II. FACTUAL BACKGROUND

#### A. The *Avila* Action

In June 2024, Plaintiff Victor Avila ("Avila" or "Plaintiff") initiated a claim against the NLRB, asserting that its Board members are unconstitutionally insulated from the President's removal powers under 29 U.S.C. § 153. Pl.'s Compl. at 2, ECF No. 1. His complaint sought declaratory relief and an order "striking the removal restrictions in 29 U.S.C. § 153." *Id.* at 14.

Avila filed a Motion for Summary Judgment on July 22, 2024. Pl.'s Mot. Summ. J., ECF No. 6. The NLRB responded with two unopposed motions for an extension of time, both of

which were granted.  Def.'s Mot. for an Extension of Time (July 29, 2024), ECF No. 9; Def.'s Mot. for an Extension of Time (Sept. 13, 2024), ECF No. 13.  After the second motion was granted, the NLRB was ordered to file its response to the *Avila* Complaint and Motion for Summary Judgment on or before September 20, 2024.  Def.'s Mot. at 3.  Barring no other extensions, Defendant submits a briefing schedule that includes Avila's reply to the Defendant's Motion for Summary Judgment on September 27, 2024.  *Id.* at 3–4.  Avila's opposition to the NLRB's Motion to Dismiss the Complaint would be due on October 4, 2024, and the NLRB's reply in support of its cross-motion to dismiss the Complaint would be due on October 11, 2024.  *Id.* at 4.

### B.  The *Saint Vincent* Action

On September 9, 2024, Saint Vincent Hospital filed a complaint, alongside a motion for a temporary restraining order and preliminary injunction, against the NLRB.  *Saint Vincent,* No. 24-cv-02577, Compl. for Decl. and Inj. Relief at 1, ECF No. 1; *Saint Vincent*, No. 24-cv-02577, Mot. for TRO, ECF No. 3.  The complaint challenged the NLRB removal protections for NLRB Administrative Law Judges ("ALJs") and Board members.  *Saint Vincent*, No. 24-cv-02577, Compl. for Decl. and Inj. Relief at 6–8.  It also argued that the administrative proceedings violated its Seventh Amendment right to a jury trial and exceeded separation-of-powers principles.  *Id.* at 11, 15.  Saint Vincent initially sought declaratory relief and an injunction to bar the enforcement of the removal protections for Board members and ALJs, as well as to halt ongoing NLRB administrative proceedings against it.  *Id.* 15–16.

A briefing schedule was established for the case, with the NLRB's opposition and cross-motion to dismiss due by October 4, 2024 and replies from both parties scheduled for mid-October.  Ex. A. to Pl.'s Opp'n to Consolidation at 4, ECF No. 17-1.

**C. Defendant's Motion to Consolidate and Saint Vincent's Voluntary Claim Dismissal**

On September 17, 2024, the NLRB moved to consolidate the *Avila* and *Saint Vincent* actions. Def.'s Mot. at 1. It argues that "[c]onsolidation will preserve judicial and party resources because the cases are on closely aligned summary-judgment briefing schedules and present an identical legal issue regarding the removal protections enjoyed by members of the Board." *Id.*

On September 20, 2024, Saint Vincent filed a Notice of Voluntary Dismissal in which it dismissed its claim that the NLRB's Board members are unconstitutionally insulated from removal. *Saint Vincent*, No. 24-cv-02577, Pl.'s Notice of Voluntary Dismissal Without Prejudice of Count II in the Compl. for Decl. and Inj. Relief, ECF No. 11; *see Saint Vincent*, No. 24-cv-02577, Compl. for Decl. and Inj. Relief at 8–11. Three days later, on September 20, 2024, Saint Vincent filed a Response in Opposition to the NLRB's Motion to Consolidate in which it requested denial of the NLRB's motion on the grounds that "there are no common questions of law or fact between the [*Avila* and *Saint Vincent*] lawsuits." *Saint Vincent*, No. 24-cv-02577, Resp. in Opp'n to Def.'s Mot. at 2, ECF No. 13 ("Saint Vincent's Response").

That same day, Avila entered its own response to the NLRB's Motion to Consolidate. Pl.'s Opp'n to Consolidation at 1, ECF No. 17. Avila attached Saint Vincent's Response as an exhibit. *See* Ex. A. to Pl.'s Opp'n to Consolidation. Avila's brief opposition memo reiterated Saint Vincent's stance that the two cases no longer shared any common questions of law or fact after Saint Vincent dismissed "the only overlapping legal claim between these two cases." Pl.'s Opp'n to Consolidation at 1.

### III.  LEGAL STANDARD

The Court has broad discretion in deciding whether to consolidate actions before it that involve "common question[s] of law or fact."  Fed. R. Civ. P. 42(a); *Biochem Pharma, Inc. v. Emory Univ.,* 148 F. Supp. 2d 11, 13 (D.D.C. 2001).  "[C]onsolidation is a purely ministerial act which . . . relieves the parties and the Court of the burden of duplicative pleadings and Court orders."  *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 148 (D.D.C. 2002).  "If the parties at issue, the procedural posture and the allegations in each case are different, however, consolidation is not appropriate."  *Hanson v. D.C.*, 257 F.R.D. 19, 21 (D.D.C. 2009) (citing *Stewart v. O'Neill,* 225 F. Supp. 2d 16, 21 (D.D.C. 2002)).

The analysis considers "(1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate."  *Clayton v. D.C.*, 36 F. Supp. 3d 91, 93 (D.D.C. 2014) (citation omitted).  "[C]ourts weigh considerations of convenience and economy against considerations of confusion and prejudice."  *Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007) (internal quotation marks omitted); *see also Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Rsrv. Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011) (holding that courts must weigh "the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions").

### IV.  ANALYSIS

At this juncture, Saint Vincent brings three challenges to the NLRB's administrative structure: (1) that the NLRB ALJs are unconstitutionally insulated from the President's removal powers; (2) that NLRB ALJs adjudicate private rights without a jury trial, violating the Seventh

4

Amendment; and (3) that the NLRB's wielding of executive, legislative, and judicial authority violates the Fifth Amendment. *Saint Vincent*, No. 24-cv-02577, Pl.'s Notice of Voluntary Dismissal Without Prejudice of Count II in Compl. for Decl. and Inj. Relief at 1; *Saint Vincent,* No. 24-cv-02577, Compl. for Decl. and Inj. Relief at 1. The *Avila* action, however, involves only one challenge—that the NLRB Board members are unconstitutionally insulated from the President's removal powers under 29 U.S.C. § 153. Pl.'s Compl. at 2. There is no overlap between Avila's lone claim targeting the NLRB's Board and Saint Vincent's claims. Therefore, the *Avila* and *Saint Vincent* actions do not involve "common question[s] of law or fact." Fed. R. Civ. P. 42(a).

Moreover, given the lack of common questions of law or fact, having two separate courts decide these cases will not risk inconsistent rulings. Regardless, the fact that Chief Judge Boasberg has already decided the issue before this Court has already raised the possibility of inconsistent rulings. *See Cortes v. NLRB*, No. 1:23-cv-02954, 2024 WL 1555877, at *5 (D.D.C. Apr. 10, 2024) (memorandum opinion), *appeal docketed*, No. 24-5152 (D.C. Cir. June 10, 2024). And, because that case has already been appealed to the Circuit, any risk of inconsistent rulings is likely to be ameliorated in the near future. *See id*.

Plaintiff asserts that "consolidation [here] would lead to confusion and prejudice because there are no overlapping legal or factual issues." Pl.'s Opp'n to Consolidation at 2. The Court agrees. While it is true that the actions have similar briefing schedules, "considerations of confusion and prejudice" ultimately tip the scale against consolidating the two actions. *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003). Accordingly, in an exercise of the Court's discretion, consolidation shall not be ordered. *Klayman v. Jud. Watch*, *Inc.*, 255 F. Supp. 3d 161, 175 (D.D.C. 2017).

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Consolidate is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 1, 2024                                                                         RUDOLPH CONTRERAS
                                                                                                                  United States District Judge